# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **MATTHEW MOORE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 1:07-cv-07166 |
| ) | |
| ) | |
| **ASTRAZENECA** ) | |
| **PHARMACEUTICALS LP,** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendant.** ) | |

## DEFENDANT'S NOTICE OF EMERGENCY MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER TO MULTIDISTRICT LITIGATION

TO:    See Attached Certificate of Service

PLEASE TAKE NOTICE that on Tuesday, January 22, 2008 at 9:30 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Judge Ronald A. Guzman, or any judge sitting in his stead, in Courtroom 1219 of the United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois 60604, and present *Defendant's Emergency Motion to Stay All Proceedings Pending Transfer to Multidistrict Litigation*, a copy of which is attached hereto and hereby served upon you.

This the 17th day of January, 2008.          Respectfully submitted,

By: s/ Rodney K. Miller

Michael W. Davis
Sherry A. Knutson
Rodney K. Miller
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL  60603
Telephone:    (312) 853-7000
Facsimile:    (312) 853-7036
E-mail:       mdavis@sidley.com
              sknutson@sidley.com
              rkmiller@sidley.com

*Of counsel*

Fred T. Magaziner
Shane T. Prince
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19103
Telephone: (215) 994-4000
Facsimile: (215) 994 2222
E-mail: fred.magaziner@dechert.corn
shane.prince@dechert.com

Attorneys for Defendant AstraZeneca Pharmaceuticals LP

**CERTIFICATE OF SERVICE**

    I hereby certify that, on the 17th of January, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. Notice of this filing will be sent to CM/ECF participants by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Notice of this filing also will be served on all parties by Federal Express overnight, postage prepaid, at their listed addresses, on this 17th day of January, 2008.

                              s/ Rodney K. Miller
                              Rodney K. Miller

Kent M. Lucaccioni
KENT M. LUCACCIONI LTD
20 South Clark Street, Suite 1700
Chicago, IL 60603
(312) 425-0401
(312) 263-0128 (facsimile)

*Of counsel*

Howard L. Nations
THE LAW OFFICES OF HOWARD L. NATIONS
4515 Yoakum Blvd.
Houston, TX 77006-5895
(713) 807-8400
(713) 807-8423 (facsimile)

Attorneys for Plaintiff

2

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:07-cv-07166 |
| ) | |
| ASTRAZENECA ) | |
| PHARMACEUTICALS LP, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

**DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S
EMERGENCY MOTION TO STAY ALL PROCEEDINGS
PENDING TRANSFER TO MULTIDISTRICT PROCEEDING**

**I.   INTRODUCTION**

Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca") moves this Court to stay all proceedings in this action pending its transfer to *In re Seroquel Products Liability Litigation*, MDL No. 1769 ("*In re Seroquel*"), the multidistrict litigation ("MDL") proceeding that has been established in the Middle District of Florida to coordinate all federal products liability actions involving Seroquel® (the "Seroquel® products liability actions").

**II.   BACKGROUND**

**A.   MDL-1769**

On July 6, 2006, the Judicial Panel on Multidistrict Litigation (the "Panel") issued a transfer order (the "Order") establishing MDL Proceeding No. 1769, titled *In re Seroquel Products Liability Litigation* (attached as Exhibit A).  The Order directed that 92 of the 114 actions that were the subject of the original motions for coordinated treatment pursuant to 28 U.S.C. § 1407 be transferred for coordinated pretrial proceedings in the U.S. District Court for

the Middle District of Florida before the Honorable Anne C. Conway.[1]  In the Order, the Panel held:

> On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation listed on Schedules A and B involve common questions of fact, and that their centralization under Section 1407 in the Middle District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions are brought by persons allegedly injured by AstraZeneca's Seroquel, an atypical antipsychotic medication that allegedly can cause diabetes and related disorders.  Common factual questions for the actions in this docket concern, inter alia, i) the development, testing, manufacturing and marketing of Seroquel, and ii) the defendants' knowledge concerning the drug's possible adverse effects.  Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pre-trial rulings; and conserve the resources of the parties, their counsel and the judiciary.

Order at 2.  The Panel also stated that it had been notified of "over 120 [additional] related actions pending in multiple federal districts" and that those actions "will be treated as potential tag-along cases."  Order at 1 n.1.

    **B.**    <u>**The Instant Action**</u>

There is no dispute that this action involves the same factual inquiries that the Panel noted were present in the Seroquel® products liability actions generally, thereby warranting coordinated pre-trial proceedings in the Middle District of Florida.  Specifically, it is clear from the face of the Complaint that this case, like the other Seroquel® products liability actions, focuses on the alleged increased health risks resulting from taking Seroquel®, and whether AstraZeneca knew of these alleged increased risks and failed to disclose them to the medical community and consumers.

---

[1] The Panel did not transfer 22 of the cases because "[p]laintiffs in those actions have dismissed their claims against AstraZeneca."  Order at 2.

2

AstraZeneca has informed the MDL Panel of this related action. *See* January 16, 2008, letter to the Clerk of the Panel (attached as Exhibit B). This means that the instant action soon should be transferred to the Middle District of Florida, and jurisdiction will then immediately be transferred to Judge Conway's court.

## III.    ARGUMENT

The Court should exercise its discretion to stay all further proceedings in this action pending its transfer to MDL-1769. The authority of a federal court to stay proceedings is well-established. *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Courts analyze three factors when determining whether to issue a stay of proceedings pending the MDL Panel's decision on transfer, namely: (1) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact coordinated; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party. *Rivers v. The Walt Disney Co.,* 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

### A.    Judicial Economy Mandates a Stay

Granting a stay of proceedings here will promote judicial economy. The purpose of multidistrict litigation is to coordinate the pretrial management of actions sharing common facts in a just and efficient manner. *See* 28 U.S.C. § 1407(a). As the MDL Panel noted in its order: "Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pre-trial rulings; and conserve the resources of the parties, their counsel and the judiciary." Order at 2; *see also In re Cal. Retail Natural Gas & Elec. Antitrust Litig.*, 150 F. Supp. 2d 1383, 1384 (J.P.M.L. 2001) (same); *In re Microsoft Corp. Windows Operating Sys. Antitrust Litig.*, No. 1332, 2000 U.S. Dist. LEXIS 5559, at *5–6 (J.P.M.L. Apr. 25, 2000) (same

where cases "arise from a common factual core"); *In re Eastern Airlines, Inc. Flight Attendant Weight Program Litig.*, 391 F. Supp. 763, 764 (J.P.M.L. 1975) (same). Where, as here, the Panel has already coordinated all related actions before a single judge, there is no question that a stay of these proceedings will promote judicial economy. Indeed, "[c]ourts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (citing cases).

It is well-settled that a district court is best served not expending resources "familiarizing itself with the intricacies of an action that will be coordinated for pretrial management before a transferee judge." *Rivers,* 980 F. Supp. at 1360; *see also Gorea v. Gillette Co.*, No. 05 Civ. 2425, 2005 WL 2373440, at *1 (W.D. Tenn. Sept. 26, 2005) ("[A] stay is warranted in this case [because]. . . the court would have to use judicial resources in making rulings . . . in a case over which it might ultimately lose jurisdiction."). Granting a stay of this action pending its inevitable transfer to MDL-1769 will conserve the resources of this Court and prevent duplicative discovery and pretrial management efforts. *See Rivers,* 980 F. Supp. at 1360 ("[A]ny efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge assigned to handle the consolidated litigation."); *see also U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, No. 02 Civ. 853, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002) ("[I]f the MDL motion is granted, all of the Court's time, energy, and acquired knowledge regarding the action and its pretrial procedures will be wasted.").

### B.     AstraZeneca Will Be Prejudiced Absent a Stay

The prejudice to AstraZeneca absent a stay far outweighs any perceived or potential prejudice to any plaintiff if a stay is granted. *See Am. Seafood, Inc. v. Magnolia Processing*, Nos. 92 Civ. 1030, 92 Civ. 1086, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992) ("The duplicative motion practice and discovery proceedings demonstrate that . . . prejudice to the

defendants weigh heavily in favor of a stay."). Currently, more than 7,000 plaintiffs have had their actions coordinated in MDL-1769. If individual district courts allowed cases to proceed in the small window between the time the Panel was notified of potential tag-alongs and those cases were transferred to Judge Conway, unnecessary and duplicative work would be undertaken, and inconsistent rulings might be entered in hundreds of individual cases. Neither AstraZeneca nor plaintiff should be forced to engage in needless motion practice during the short period prior to docketing in Judge Conway's court. *See Wilbanks v. Merck & Co.*, No. 05-Civ. 1241, 2005 WL 2234071, at *1 (W.D. Tenn. Sept. 13, 2005) (granting a stay by holding that "in the absence of a stay, the risk to Merck of duplicative motions and discovery is significant").

The granting of a stay will not result in prejudice to any party. No party has expended substantial resources to date; this action is still in its infancy and discovery has not yet begun. Whatever limited discovery could take place in the next several weeks will be wholly subsumed and superseded by the discovery that will take place in the MDL.

## IV.    CONCLUSION

For the foregoing reasons, AstraZeneca respectfully requests that this Court grant its motion to stay all proceedings in this case pending transfer to the MDL proceeding that has been established in the Middle District of Florida.

This the 17th day of January, 2008.    Respectfully submitted,

By: s/ Rodney K. Miller

Michael W. Davis
Sherry A. Knutson
Rodney K. Miller
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL  60603
Telephone:    (312) 853-7000
Facsimile:    (312) 853-7036
E-mail:        mdavis@sidley.com

5

sknutson@sidley.com
rkmiller@sidley.com

*Of counsel*

Fred T. Magaziner
Shane T. Prince
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19103
Telephone:     (215) 994-4000
Facsimile:     (215) 994 2222
E-mail:        fred.magaziner@dechert.corn
               shane.prince@dechert.com

Attorneys for Defendant AstraZeneca
Pharmaceuticals LP

## CERTIFICATE OF SERVICE

       I hereby certify that, on the 17th of January, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. Notice of this filing will be sent to CM/ECF participants by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Notice of this filing also will be served on all parties by Federal Express overnight, postage prepaid, at their listed addresses, on this 17th day of January, 2008.

                                            s/ Rodney K. Miller
                                            Rodney K. Miller

Kent M. Lucaccioni
KENT M. LUCACCIONI LTD
20 South Clark Street, Suite 1700
Chicago, IL 60603
(312) 425-0401
(312) 263-0128 (facsimile)

*Of counsel*

Howard L. Nations
THE LAW OFFICES OF HOWARD L. NATIONS
4515 Yoakum Blvd.
Houston, TX 77006-5895
(713) 807-8400
(713) 807-8423 (facsimile)

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW MOORE,              )<br>                             )<br>     Plaintiff,             )<br>                             )<br>vs.                          )<br>                             )<br>                             )<br>ASTRAZENECA                  )<br>PHARMACEUTICALS LP,          )<br>                             )<br>     Defendant.              ) | Case No. 1:07-cv-07166<br><br>JURY TRIAL DEMANDED |

## [PROPOSED] ORDER

Came on for consideration Motion by Defendant AstraZeneca Pharmaceuticals LP to Stay All Proceedings Pending Transfer to Multidistrict Proceedings.

After due consideration, IT IS ORDERED that Defendant's motion is GRANTED. All pretrial proceedings are hereby STAYED pending a transfer decision by the Judicial Panel on Multidistrict Litigation.

Signed this ___ day of _____ at _____, _____

_____

United States District Court